**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION**

**DAVID BAKER**     **MOVANT**

**v.**     **No. 1:97CR142-A**

**UNITED STATES OF AMERICA**     **RESPONDENT**

## MEMORANDUM OPINION

This matter comes before the court on the *pro se* motion of David Baker ("Baker") to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. Baker pled guilty to one count of conspiracy to distribute and possess with intent to distribute cocaine base in violation of 21 U.S.C. § 846. The court entered judgment on November 25, 1998. Baker did not appeal the judgment. The instant § 2255 motion was entered on the docket February 27, 2006. Baker signed the motion February 21, 2006. An amendment to the motion was placed on the docket March 17, 2006. Baker presents several claims, including a claim under *United States v. Booker*, 125 S.Ct. 738 (2005). As discussed below, the *Booker* claim must be dismissed because the new rule announced therein cannot be applied retroactively, and the remaining claims are untimely filed.

### *United States v. Booker*

*Booker* applies only to those cases "pending on direct review or not yet final on January 12, 2005." *United States v. Madrigal*, 2005 WL 913476 (5th Cir.). The petitioner's case and appeal were final long before the January 12, 2005, cutoff date, as the court entered judgment on November 25, 1998. As such, the holding in *Booker* cannot be applied to the instant case, and this claim shall be dismissed with prejudice.

**Timeliness**

A defendant convicted in federal court who seeks relief under 28 U.S.C. § 2255 must file his motion within one year of the date his conviction becomes final. 28 U.S.C. § 2255(f)(1). Although the date a conviction becomes final in not defined in the statute, when a defendant does not appeal his conviction, it "becomes final when the time for filing a direct appeal expires." *Moshier v. United States*, 402 F.3d 116 (2$^d$ Cir. 2005). In the present case, the movant did not appeal the November 29, 1998, judgment. The deadline for appealing a federal criminal judgment is ten days after its entry. FED. R. APP. P. 4(b). As such, Baker's conviction became final December 9, 1998.[1] As such, the deadline for Baker to file the instant motion expired December 9, 1999.

Under the "mailbox rule," the petitioner's *pro se* federal petition for a writ of *habeas corpus* is deemed filed on the date that he delivered the petition to prison officials for mailing to the district court. *Coleman v. Johnson,* 184 F.3d 398, 401, *reh'g and reh'g en banc denied,* 196 F.3d 1259 (5th Cir. 1999), *cert. denied,* 529 U.S. 1057, 120 S. Ct. 1564, 146 L.Ed.2d 467 (2000) (citing *Spotville v. Cain,* 149 F.3d 374, 376-78 (5th Cir. 1998)). Baker signed the instant motion February 21, 2006. Giving him the benefit of the doubt by assuming he delivered the motion to prison officials on the date he signed it, Baker filed the instant motion 2,266 days (six years, two months, and 12 days) after the filing deadline expired. As such, other than the *Booker* claim discussed above, the instant motion to vacate, set aside, or correct the movant's sentence must be

---

[1]Under FED. R. APP. P. 26(a)(2), as amended effective December 1, 2002 and as currently enacted, in computing the time for filing a notice of appeal the court must exclude intermediate Saturdays, Sundays, and legal holidays. The amended Rule 26(a)(2), however, was not in effect for Baker's case. His judgment of conviction thus became final ten consecutive days after it was entered.

dismissed as untimely filed.

In sum, all of the movant's claims must be dismissed with prejudice. A final judgment consistent with this memorandum opinion shall issue today.

**SO ORDERED,** this the   12th   day of May, 2008.

       /s/ Sharion Aycock  
       **U. S. DISTRICT JUDGE**